**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| Mukhtar Mussa,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Honeywell International Inc.,<br><br>　　　　Defendant. | Case No. 24-cv-02292-JRT-JFD<br><br>**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT** |

Defendant Honeywell International Inc. ("Defendant") as for its Answer to Plaintiff Mukhtar Mussa's ("Plaintiff") Complaint ("Complaint") in the above-captioned action, denies each and every allegation set forth in the Complaint except as hereinafter admitted, qualified, explained, clarified, or otherwise pleaded, and specifically answers as follows:

**ALLEGED PARTIES**

1. Defendant lacks knowledge or information concerning the allegations contained in paragraph 1, and therefore denies the same.

2. Defendant admits the allegations contained in paragraph 2.

**ALLEGED FACTS**

3. Defendant denies the allegations contained in paragraph 3.

4. Defendant denies the allegations contained in paragraph 4.

5. As to the allegations contained in paragraph 5, Defendant admits that Plaintiff moved to different roles during his time with the company, but denies the remaining allegations.

6. Defendant denies the allegations contained in paragraph 6.

7.      Defendant admits only that Plaintiff transitioned to the group leader role, but otherwise denies the allegations contained in paragraph 7.

8.      Defendant denies the allegations contained in paragraph 8.

9.      Defendant denies the allegations contained in paragraph 9.

10.      Defendant denies the allegations contained in paragraph 10.

11.      Defendant denies the allegations contained in paragraph 11.

12.      Defendant denies the allegations contained in paragraph 12.

13.      As to the allegations contained in paragraph 13, Defendant states that Plaintiff's purported hotline complaint and timing of the same speaks for itself, and therefore denies the same.  In further responding, Defendant denies the remaining allegations contained in paragraph 13.

14.      Defendant denies the allegations contained in paragraph 14.

15.      Defendant denies the allegations contained in paragraph 15.

16.      Defendant denies the allegations contained in paragraph 16.

17.      Defendant denies the allegations contained in paragraph 17.

18.      Defendant denies the allegations contained in paragraph 18.

19.      Defendant denies the allegations contained in paragraph 19.

20.      Defendant denies the allegations contained in paragraph 20.

21.      As to the allegations contained in paragraph 21, Defendant states that the termination, timing of the same, and reasons for any employment decisions speak for themselves, and therefore deny those allegations.  In further responding, Defendant denies the remaining allegations contained in paragraph 21.

2

22.    Defendant denies the allegations contained in paragraph 22.

23.    Defendant denies the allegations contained in paragraph 23.

24.    Defendant denies the allegations contained in paragraph 24.

25.    As to the allegations contained in the first sentence of paragraph 25, the purported Determination and Notice Rights speaks for itself, and Defendant therefore denies those allegations.    As to the allegations contained in the second sentence of paragraph 25, Defendant lacks knowledge or information concerning those allegations, and therefore denes the same.  In further responding, the allegations contained in the third sentence of paragraph 25 contain legal conclusions to which no response is required.  To the extent the third sentence of paragraph 25 is construed to include allegations that require a response, such allegations are denied.

### ALLEGED COUNT ONE
### (Retaliation for Whistleblowing, under Minn. Stat. 181.932)

26.    Defendant incorporates by reference herein its previous responses to paragraphs 1-25.

27.    The allegations contained in paragraph 27 contain legal conclusions to which no response is required.  To the extent the third sentence of paragraph 27 is construed to include allegations that require a response, such allegations are denied.    In further responding, Defendant specifically denies that it violated any federal, state, or local law concerning Plaintiff's employment with Defendant.

28.    The allegations contained in paragraph 28 contain legal conclusions to which no response is required.  To the extent the third sentence of paragraph 28 is construed

to include allegations that require a response, such allegations are denied.   In further responding, Defendant specifically denies that it violated any federal, state, or local law concerning Plaintiff's employment with Defendant.

29.     Defendant denies the allegations contained in paragraph 29.

30.     The allegations contained in paragraph 30 contain legal conclusions to which no response is required.  To the extent the third sentence of paragraph 30 is construed to include allegations that require a response, such allegations are denied.   In further responding, Defendant specifically denies that it violated any federal, state, or local law concerning Plaintiff's employment with Defendant.

31.     The allegations contained in paragraph 31 contain legal conclusions to which no response is required.  To the extent the third sentence of paragraph 31 is construed to include allegations that require a response, such allegations are denied.   In further responding, Defendant specifically denies that it violated any federal, state, or local law concerning Plaintiff's employment with Defendant.

32.     Defendant denies the allegations contained in paragraph 32.

33.     Defendant denies the allegations contained in paragraph 33.

**ALLEGED COUNT TWO**
**(Reprisal, under Minn. Stat. 363A.15)**

34.     Defendant incorporates by reference herein its previous responses to paragraphs 1-33.

4

35. The allegations contained in paragraph 35 contain legal conclusions to which no response is required. To the extent the third sentence of paragraph 35 is construed to include allegations that require a response, such allegations are denied.

36. Defendant denies the allegations contained in paragraph 36.

37. The allegations contained in paragraph 37 contain legal conclusions to which no response is required. To the extent the third sentence of paragraph 37 is construed to include allegations that require a response, such allegations are denied. In further responding, Defendant specifically denies that it violated any federal, state, or local law concerning Plaintiff's employment with Defendant.

38. Defendant denies the allegations contained in paragraph 38. In further responding, Defendant specifically denies that it violated any federal, state, or local law concerning Plaintiff's employment with Defendant.

39. Defendant denies the allegations contained in paragraph 39.

40. Defendant denies the allegations contained in paragraph 40.

41. Defendant denies the allegations contained in paragraph 41.

42. Defendant denies the allegations contained in paragraph 42.

43. The allegations contained in paragraph 43 contain legal conclusions to which no response is required. To the extent the third sentence of paragraph 43 is construed to include allegations that require a response, such allegations are denied.

44. Defendant denies the allegations contained in paragraph 44.

**ALLEGED COUNT THREE**
**(Discrimination Based on Race and National Origin, under Minn. Stat. 363A.08)**

45.     Defendant incorporates by reference herein its previous responses to paragraphs 1-44.

46.     The allegations contained in paragraph 46 contain legal conclusions to which no response is required.  To the extent the third sentence of paragraph 46 is construed to include allegations that require a response, such allegations are denied.

47.     Defendant denies the allegations contained in paragraph 47.

48.     Defendant denies the allegations contained in paragraph 48.

49.     Defendant denies the allegations contained in paragraph 49.

50.     Defendant denies the allegations contained in paragraph 50.

51.     The allegations contained in paragraph 51 contain legal conclusions to which no response is required.  To the extent the third sentence of paragraph 51 is construed to include allegations that require a response, such allegations are denied.

52.     Defendant denies the allegations contained in paragraph 52.  In further responding, Defendant specifically denies the allegations and claimed entitlement to damages as alleged in the "WHEREFORE" clause following paragraph 52, including subsections 1-6.

**AFFIRMATIVE AND OTHER DEFENSES**

Further answering, Defendant alleges the following affirmative and other defenses:

1.     Plaintiff's Complaint fails, in whole or in part, to state a claim for which relief may be granted.  More specifically, Plaintiff cannot prove all the necessary elements

6

of her claims.  Further, Plaintiff's Complaint fails to state sufficient facts that would support an award of actual, compensatory, treble, punitive, emotional distress, or other damages or fees against Defendant.

2.    Plaintiff's claims may be barred, in whole or in part, because of the applicable statutes of limitations, because it was not timely filed and/or served, and/or because of other applicable statutory filing requirements (including bars to recovery such as waiver, unclean hands, laches, equitable estoppel, and/or mistake).

3.    To the extent Plaintiff's claims exceed the scope of or are inconsistent with her Charge of Discrimination, they are barred.

4.    Plaintiff's claims of discrimination and retaliation are barred on the grounds that she was not treated less favorably than similarly-situated comparators on the basis of any protected class or status.

5.    Plaintiff's claims may be barred, in whole or in part, because the claimed damages, if any, were caused by Plaintiff's own conduct, action, and inaction, and by Plaintiff's own comparative fault.

6.    Defendant alleges that its activities with respect to Plaintiff, if any, were privileged or otherwise justified, as such activities were proper, fair and legitimate business activities, and/or due to business related reasons, which were neither arbitrary, capricious, nor unlawful.

7.    Defendant alleges that any adverse employment action, if any, involving Plaintiff, was based solely on legitimate, good-faith, non-retaliatory, business reasons, which were neither arbitrary, capricious, nor unlawful.

7

8.      To the extent Plaintiff is seeking punitive damages, such a claim is barred because the alleged acts or omissions of Defendant do not rise to the level required to sustain an award of punitive damages, do not evidence malicious or reckless indifference, are not so wanton or willful as to support an award of punitive damages, and do not otherwise entitle Plaintiff to punitive damages.

9.      The extent to which Plaintiff's Complaint may be barred by any remaining affirmative or other defenses, including those contemplated by the Federal Rules of Civil Procedure, cannot be determined at this time without the benefit of additional discovery. Thus, as a separate and affirmative defense to Plaintiff's Petition, Defendants reserve the right to assert all affirmative defenses and other defenses as appropriate.

WHEREFORE, having responded to the allegations in Plaintiff's Complaint, Defendant hereby request that the Court enter an Order:

A.      Dismissing the Complaint in its entirety, with prejudice, and awarding Defendant its costs and expenses, including reasonable attorneys' fees, as set forth under the law; and

B.      Awarding Defendant such other relief as the Court deems just and proper.

**OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P. C.**

Dated:  June 21,  2024

*/s/ Brent D. Kettelkamp*
Brent D. Kettelkamp, MN #0394919
Capella Tower
225 South Sixth Street, Suite 1800
Minneapolis, MN  55402
Telephone:  612-339-1818
Facsimile:  612-339-0061
brent.kettelkamp@ogletree.com

**Attorney for Defendant
Honeywell International Inc.**

9